# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 19-10797 PA (JEMx) | Date | February 18, 2020 |
|---|---|---|---|
| Title | Carson Cogeneration Company v. Scottsdale Insurance Company, et al. | | |

Present: The Honorable PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

None  None

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Carson Cogeneration Company ("Plaintiff"). (Dkt. 15 ("Mot.").) Defendant Scottsdale Insurance Company ("Defendant") filed an Opposition and Plaintiff filed a Reply. (Dkts. 19 ("Opp.") and 22.) The Court finds this matter is appropriate for decision without oral argument. The hearing calendared for February 24, 2020, is vacated and the matter taken off calendar. For the reasons discussed below, the Court denies the Motion to Remand.

## I. BACKGROUND

This is an insurance coverage action. On July 29, 2019, Plaintiff filed a Complaint against Defendant in Los Angeles Superior Court. The Complaint alleges three claims for relief: breach of contract, breach of the covenant of good faith and fair dealing, and declaratory relief. The Summons and Complaint were served to Defendant on August 13, 2019. (Dkt. 1 ("Removal") ¶1.) Defendant filed its first Notice of Removal on August 30, 2019. (Plaintiff's Request for Judicial Notice, Ex. A.) Defendant argued the Court possessed diversity jurisdiction under 28 U.S.C. § 1332. (Id.) The Notice of Removal alleged the following facts regarding Plaintiff's citizenship:

> Plaintiff Carson is . . . a California limited partnership organized in California . . . . Plaintiff's general partner is CMD Carson GP, LLC, which is a limited liability company organized under the laws of the State of Delaware with its principal place of business [in California]. Michael Munoz is the manager/member/chief executive officer of CMD Carson GP, LLC and . . . works in Los Angeles, CA and is a resident of California. . . . Enery Holdings, LLC ("Enery") owns CMD Carson GP LLC. Enery is a limited liability company organized under the State of Wyoming. Enery is under the control of Bob Lambert [who] is a resident of the State of California.

(Id. at ¶¶4-5.) On October 4, 2019, this Court *sua sponte* remanded the case to Los Angeles Superior Court because the citizenship of Plaintiff's partners was not properly alleged. (Id. at Ex. B.)

After the case was remanded, Defendant served written discovery on Plaintiff regarding its citizenship and the citizenship of its partners on November 5, 2019. (Opp. at 3.) Plaintiff provided verified discovery responses on December 4, 2019. (Removal ¶¶2-4.) Based on these discovery responses, Defendant was able to learn Plaintiff's actual citizenship. Specifically, Defendant learned that Plaintiff is a limited partnership that has two partners: CMD Carson GP LLC and CMD Carson LLC. (Id. at ¶8.) CMD Carson GP and CMD Carson are limited liability companies, and they both have Acme Engineering Company as their sole member. (Id.) Acme is incorporated in Wyoming and has its principal place of business in Wyoming. (Id.) In light of this new information, Defendant filed a second Notice of Removal on December 20, 2019, again alleging this Court has diversity jurisdiction. Plaintiff filed a Motion to Remand, arguing that Defendant "cannot remove a case twice based on the same grounds." (Mot. at 2.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). Although generally "a proper removal notice must be filed within 30 days of service of the plaintiff's complaint," Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (citing 28 U.S.C. § 1446(b)), the thirty-day period for removal is not triggered if an initial pleading is not removable on its face. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (quoting 28 U.S.C. § 1446(b)(3)).

## III. DISCUSSION

### A. Judicial Notice

As a preliminary matter, the Court grants Plaintiff's Request for Judicial Notice filed in support of its Motion to Remand. (Dkt. 15-2.) Plaintiff asks for judicial notice of (1) Defendant's Notice of Removal of Civil Action filed on August 30, 2019 and (2) In Chambers – Court Order, dated October 4, 2019. (Id. at 1.) These documents are part of the Court's own docket; therefore, a formal request for judicial notice is unnecessary. See Negrete v. Petsmart, Inc., 2013 U.S. Dist. LEXIS 129237, 2013 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10797 PA (JEMx) | Date | February 18, 2020 |
|---|---|---|---|
| Title | Carson Cogeneration Company v. Scottsdale Insurance Company, et al. | | |

4853995, at *1, n.2 (E.D. Cal. Sept. 10, 2013). However, because the Court may take judicial notice of court filings, Plaintiff's Request for Judicial Notice is granted. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b)(2); Dunlap v. Neven, 2014 WL 3000133, at *5 (D. Nev. June 30, 2014) ("Courts routinely take judicial notice of their own court records.")

### B. Successive Removal

"As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. Utiliquest, LLC, 13-CV-4466, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014). "A successive removal petition is only permitted upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)) (allowing successive removal after recent passage of federal law that created a new category of federal jurisdiction). "Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal . . . generally must be based on information not available at the prior removal." Sweet v. United Parcel Serv., Inc., 19-CV-02653, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009).

The Court finds that the successive removal is proper. Defendant relies on new information to establish Plaintiff's citizenship in the successive Notice of Removal that was not previously available. The Complaint only alleges that Plaintiff "is a limited partnership organized and existing under the laws of the State of California" and it "presently has its principal place of business in Carson, California." (Compl. ¶2.) This information is not relevant to Plaintiff's citizenship because Plaintiff is a general partnership. It was not until Defendant received Plaintiff's verified discovery responses in December that it learned information about Plaintiff's partners and their citizenship, which was necessary to provide a valid basis for diversity jurisdiction. Compare Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (Ninth Circuit does not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove.").

Based on this new information, the successive Notice of Removal presents a different factual basis for removal than what Defendant asserted in the first removal. See Robin Invs., Inc. v. Shkolnik, 2013 U.S. Dist. LEXIS 193996, at *2-3 (C.D. Cal. July 18, 2013) ("A second removal, however, must be on grounds, either factual or legal, that are different from those asserted in the first removal."). In the first Notice of Removal, Defendant relied on the fact that Plaintiff is organized under California law and has a principal place of business in California. The Court found, however, that Defendant had failed to adequately allege the citizenship for all of Plaintiff's partners. In the successive Notice of Removal, Defendant has now identified Plaintiff's two partners and their Wyoming citizenship. For these reasons, the successive Notice of Removal is proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10797 PA (JEMx) | Date | February 18, 2020 |
|---|---|---|---|
| Title | Carson Cogeneration Company v. Scottsdale Insurance Company, et al. | | |

The Court also finds that the successive removal is timely. A sworn discovery response received from another party in the pending litigation constitutes an "other paper" within the meaning of 28 U.S.C. § 1446(b) from which a party may properly be put on notice that a case is or has become removable. See Riggs v. Cont'l Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1998). Plaintiff's verified discovery responses constituted an "other paper" that triggered the thirty-day period for removal. See 28 U.S.C. § 1446(b)(3). The successive Notice of Removal was filed on December 20, 2019—less than thirty days after Defendant received discovery responses from which Plaintiff's citizenship could be ascertained. The successive removal was also timely because the Notice of Removal was filed within one year of the commencement of the action. See 28 U.S.C. § 1446(c)(1).

Finally, the successive Notice of Removal provides sufficient allegations for the Court to determine it has diversity jurisdiction. Jurisdiction may be based on complete diversity of citizenship, which requires all plaintiffs to have a different citizenship from all defendants, and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. The citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson, 437 F.3d at 899. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, Plaintiff is a limited partnership, and its two partners are both limited liability companies that have a sole member. The sole member is Acme Engineering Company, which is incorporated in Wyoming and has its principal place of business in Wyoming. (Id.) Thus, Plaintiff's partners have Wyoming citizenship. Defendant is incorporated in Ohio and a principal place of business in Arizona. The parties therefore are citizens of different states. The amount in controversy is also satisfied because Plaintiff alleges it has suffered damages in excess of $3,973,634. (Compl. at 10.) The Court therefore concludes it has diversity jurisdiction over this action.

## Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.